THOMAS MARVIN AND BETTY ANN TAYLOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 17900-88.
United States Tax Court
T.C. Memo 1989-308; 1989 Tax Ct. Memo LEXIS 295; 57 T.C.M. (CCH) 795; T.C.M. (RIA) 89308; June 26, 1989. Thomas Marvin and Betty Ann Taylor, pro se. Lewis J. Hubbard, Jr., for the respondent. PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A. (All section numbers refer to the Internal Revenue Code in effect during the taxable years in issue. All rule numbers refer to the Tax Court Rules of *296 Practice and Procedure.) This case comes before the Court on respondent's Motion to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted pursuant to Rule 40(b). Respondent also asked for an award of damages to the United States pursuant to section 6673. Petitioners filed a Notice of objection to Dismiss. Respondent determined deficiencies in and additions to petitioner Thomas Marvin Taylor's Federal income taxes as follows: Additions to Taxes Under Sections
6651
6653
6653
6653
6653
Year
Deficiency
(a)(1)
(a)(1)
(a)(1)(A)
(a)(2)
(a)(1)(B)
6654
1982
$ 1,375
$ 332
$  69
-
*   -
$ 128
1983
2,720
680
136
- **  -
167
1984
2,189
544
109
- *** -
136
1985
1,847
451
92
- ****
-
103
1986
1,982
496
$ 99 *****
96
*297 Respondent determined deficiencies in and additions to petitioner Betty Ann Taylor's Federal income taxes as follows: Additions to Taxes Under Sections
6651
6653
6653
6653
6653
Year
Deficiency
(a)(1)
(a)(1)
(a)(1)(A)
(a)(2)
(a)(1)(B)
6654
1982
$ 1,375
$ 332
$  69
-
*   -
$ 128
1983
2,720
680
136
- **  -
167
1984
2,189
544
109
- *** -
136
1985
1,847
451
92
- ****
-
103
1986
1,982
496
$ 99 *****
96
Petitioners resided in Navasota, Texas, when they filed their petition. Petitioners failed to file Federal income tax returns for taxable years 1982 through 1986. Section 6501(c)(3) expressly provides that: "In the case of failure *298 to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." (Emphasis supplied.) Each of the notices of deficiency states, among other things, that there is a deficiency "in your income tax as shown above." Each of the notices of deficiency is based on the failure to report wages, unemployment compensation and interest income over a five year period. Ignoring the explanations in the 32 pages of the notices of deficiency, petitioners claim in their petition that they have not incurred any tax liability because of their beliefs under the Constitution of the United States. Their allegations in their petition are tax-protester-type generalized allegations. Petitioners had to have known that their allegations would not support their petition to this Court and had to have been made primarily to delay the payment of their taxes. Petitioners could not have believed these arguments were anything but frivolous and groundless. In their Notice of Objection, petitioners include a form "Memorandum of Law" setting forth numerous tax-protester contentions. It is clear from petitioners' petition and Notice *299 of objection to Dismiss that they are tax protesters. Petitioners' tax protester arguments have been repeatedly rejected by this Court and others as inapplicable or without merit. See, e.g., . We see no need to repeat those discussions here. Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." After review of petitioners" petition, we agree with respondent that the petition does not allege any justiciable error with respect to respondent's determinations in the notices of deficiency and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Accordingly, decision will be entered for respondent. Congress has granted this Court the authority to award the United States damages up to $ 5,000 whenever it appears to this Court that proceedings before it *300 have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceedings is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies. Sec. 6673. As noted, petitioners knew or should have known that their claims were frivolous and groundless. Nevertheless, they instituted and maintained this action to delay the payment of their taxes. We find that the proceedings in this case were instituted and maintained primarily for delay and that petitioners? position in this proceeding is frivolous and groundless. Damages of $ 5,000 will be awarded to the United States. An appropriate order and decision will be entered.
Footnotes
*. 50% of the interest due on the underpayment due to negligence of $ 1,375. ** 50% of the interest due on the underpayment due to negligence of $ 2,720. *** 50% of the interest due on the underpayment due to negligence of $ 2,189. **** 50% of the interest due on the underpayment due to negligence of $ 1,847. ***** 50% of the interest due on the underpayment due to negligence of $ 1,982.↩
*. 50% of the interest due on the underpayment due to negligence of $ 1,375. ** 50% of the interest due on the underpayment due to negligence of $ 2,720. *** 50% of the interest due on the underpayment due to negligence of $ 2,189. **** 50% of the interest due on the underpayment due to negligence of $ 1,847. ***** 50% of the interest due on the underpayment due to negligence of $ 1,982.↩